The SANKO STEAMSHIP CO., LTD., Plaintiff,

v.

NEWFOUNDLAND REFINING COMPANY, LIMITED, et al., Defendants.

No. 76 Civ. 756.

United States District Court, S. D. New York.

March 4, 1976.

Bigham, Englar, Jones & Houston by Sheldon A. Vogel, New York City, for plaintiff.

Manning, Carey & Redmond by Richard dey Manning, John T. Redmond, New York City, for defendants.

## MEMORANDUM AND ORDER

WHITMAN KNAPP, District Judge.

The plaintiff, pursuant to Admiralty Rule B(1) and F.R.C.P. 64, has invoked "the remedies provided by state law for attachment" and seeks to levy upon certain New York bank balances claimed to be owing to some or all of the defendants. The particular provision of state law which plaintiff has invoked is C.P. L.R. § 6201, which, so far as relevant, provides:

> "An order of attachment may be granted *in any action, . . .* where the plaintiff has demanded and would be entitled, . . . to a money judgment against one or more defendants, when:
>
> 1. the defendant is a foreign corporation or not a resident or domiciliary of the state;" [emphasis supplied]

Plaintiff duly filed an action in this court alleging breach by defendants of a time charter party agreement. In order to avoid the pitfalls suggested in *Sugar*

*v. Curtis Circulation Co.* (S.D.N.Y.1974) 383 F.Supp. 643 remanded, 44 U.S.L.W. 4416 plaintiff did not request the court to issue an attachment *ex parte*, but sought such relief by an appropriate Order to Show Cause.[1]

Thus forewarned, the defendant countered with a motion to dismiss[2] the underlying action, contending that if such motion were granted there would be no "action" to provide the underpinnings of an attachment under the above-quoted statute. For reasons which follow, we believe that defendants' position is well-taken, that the action should be dismissed, and, accordingly, that there is no basis for an attachment.

## DISCUSSION

The underlying action against the defendants is for breach of contract. The contract sued upon, however, contains a forum selection clause confining actions for disputes arising thereunder to the courts of England. Thus the contract provides:

"40. (a) This charter shall be construed and the relations between the parties determined in accordance with the law of England.·

(b) Any dispute arising under this charter shall be decided by The English Courts to whose jurisdiction the parties agree whatever their domicile may be:

Provided that either party may elect to have the dispute referred to the arbitration of a single arbitrator in London in accordance with the provisions of the Arbitration Act, 1950, or any statutory modification of re-enactment thereof for the time being in force."

It is defendants' contention that this clause is valid and precludes the plaintiff from invoking the jurisdiction of this court and, therefore, requires that the action be dismissed. We find that defendants' position is conclusively established by *Bremen v. Zapata Off-Shore Co.* (1972) 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513. That case laid at rest any doubt as to the enforceability of such clauses and specifically held that they were applicable to *in rem* actions.[3] *Id.* at 20, 92 S.Ct. at 1918, 32 L.Ed.2d at 526. Plaintiff correctly points out that no question of the validity of an attachment was before the Court in that case.[4] However, we deem that circumstance to be irrelevant. The Supreme Court was obviously not concerned with the provisions of New York C.P.L.R. § 6201. What it did establish was a rule of law which entitles defendants to a dismissal of this action. Such dismissal makes an attachment unavailable under C.P.L.R. § 6201.[5]

1. Contained in said Order to Show Cause, which the Court made returnable 3 days later, was a temporary restraining order, enjoining defendants from removing or releasing $3,000,-000 from their respective New York bank accounts. This TRO was later modified on certain conditions which allowed the defendants to conduct their daily business affairs.

2. This "motion" was made orally on the record, since the press of time did not permit of the formal filing of the appropriate papers.

3. The Court did leave open, however, the question of whether the clause there involved was "invalid for such reasons as fraud or overreaching" or whether the enforcement of such clause "would be unreasonable and unjust" *Id.*, at 15, 92 S.Ct. at 1916, 32 L.Ed.2d at 523. In order to meet that burden, the Court observed that the party seeking to escape the forum selection clause must demonstrate that trial in the contractual forum "will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court." *Id.*, at 18, 92 S.Ct. at 1917, 32 L.Ed.2d at 525. At oral argument before us, the instant plaintiff conceded that it could make no such showing.

4. The parties in *Bremen* specifically eliminated that issue by agreeing upon the posting of security that was to be available in London as well as Florida. See 407 U.S. 1, 4, n.3, 92 S.Ct. 1907, 1910, 32 L.Ed.2d 513, 517 as explained by Petitioner's Reply Brief on certiorari, at p. 10, 92 S.Ct. at 1913, 32 L.Ed.2d at 520.

5. We note in passing that nothing turns on the circumstance that plaintiff proceeded by Order to Show Cause rather than by procuring an *ex parte* attachment. Had the latter course been followed, a dismissal of the action would have instantly triggered a *vacatur* of the attachment. So far as we know, there is no provi-

The complaint is accordingly dismissed, the action terminated and the TRO vacated. Let judgment enter.

SO ORDERED.

sion of New York law which would authorize holding an attachment "in limbo" pending the outcome of litigation going forward in some other jurisdiction.