**The SANKO STEAMSHIP CO., LTD., Plaintiff,**

**v.**

**NEWFOUNDLAND REFINING COMPANY, LIMITED et al., Defendants.**

**No. 76 Civ. 756.**

United States District Court, S. D. New York.

Sept. 16, 1977.

948

Bigham, Englar, Jones & Houston, New York City, for plaintiff.

Manning, Carey & Redmond, New York City, for defendants.

Coudert Brothers, New York City, for non-party witness.

## MEMORANDUM AND ORDER

WHITMAN KNAPP, District Judge.

This is a motion to disaffirm a recommendation of the magistrate that the court should not vacate a third-party subpoena which defendants had caused to be served upon the Sumitomo Bank Ltd. (Sumitomo). Defendants had served this subpoena in the course of their efforts to establish the extent of damages they had suffered as result of a restraining order plaintiff had caused to be placed on certain of their bank accounts.

This action for breach of contract was initiated in February of 1976, and a temporary restraining order against several of defendant's bank accounts was immediately issued. On the following day a $300,-000 bond was filed. In March of that year this court dismissed the plaintiff's complaint on the ground that a forum selection clause in the contract sued upon confined to the courts of England actions for disputes arising thereunder. It was thus established that the restraining order had been without foundation. *Sanko Steamship Co., Ltd. v. Newfoundland Refining Co., Ltd.* (S.D.N.Y. 1976) 411 F.Supp. 285. The dismissal was subsequently affirmed without opinion by the Court of Appeals (2d Cir. 1976) 538 F.2d 313. On March 18, 1977, defendants having moved for the assessment of damages suffered as result of the improper restraining order, we referred the matter to the magistrate, empowering him to allow such discovery as might be necessary. The third-party subpoena was served upon Sumitomo in the course of such discovery and—as above indicated—the magistrate has recommended that we deny Sumitomo's motion to vacate it. For reasons which follow, we disagree with the magistrate's recommendation and grant the motion to vacate.

The basic difficulty with defendants' position is that they make no pretense that the subpoena would be necessary or helpful in determining the extent of damages actually suffered by them as result of the improper restraint. On the contrary they intend to use any information obtained to

establish that this action was instituted and the restraining order obtained pursuant to an unlawful conspiracy between plaintiffs and Sumitomo. They hope, upon such proof, to establish that the plaintiffs—and perhaps Sumitomo as well—are liable for punitive in addition to compensatory damages. However punitive damages are not available to them on this motion upon the bond which was posted as a condition of issuance of the restraining order. See *In re Spencer Kellogg & Sons* (2d Cir. 1931) 52 F.2d 129, 134–35.[1]

We express no opinion on what the situation might be should defendants bring an independent action charging plaintiff and Sumitomo with conspiracy, and claiming that the injunction was maliciously obtained in the course of that conspiracy. Cf. *Commerce Tankers v. Nat. Maritime U. of America* (2d Cir. 1977) 553 F.2d 793, 800; *Northeast Airlines, Inc. v. World Airways, Inc.* (D.Mass.1966) 262 F.Supp. 316, 319. We hold only that in this particular situation—where defendants have asserted no counterclaim against plaintiff but have merely moved to enforce a bond—defendants are limited to such actual damages as they may be able to establish.[2]

As the defendants can show no proper purpose to support their subpoena, Sumitomo's motion to vacate is granted. We pass on no other question.

SO ORDERED.

---

1. The case cited does not specifically deal with a claim for punitive damages, but in declaring that the purpose of an injunction bond is to provide litigants with "security against its [the court's] own errors" (at 135) it clearly suggests that punitive damages would be inappropriate. Defendants have cited no authority—and we know of none—which would support a contrary conclusion.

2. As both *Spencer* and *Commerce Tankers* recognize, such damages would be limited to the amount of the bond.