The PLUM TREE, INC., Petitioner,

v.

John STOCKMENT and Juanita Stockment, husband and wife,
Respondents,

and

The Honorable Clarence C. Newcomer, Judge, United States District Court for the Eastern District of Pennsylvania, Nominal Respondent.

No. 73-1665.

United States Court of Appeals, Third Circuit.

Argued Oct. 10, 1973.

Decided Nov. 30, 1973.

Martin Howard Katz, Harris N. Walters, Mark B. Dischell, Bridgeport, Pa., for petitioner.

R. C. Stiles, Wyckoff, Eikenburg, Russell & Dunn, Houston, Tex., for respondents.

Robert E. J. Curran, U. S. Atty., Philadelphia, Pa., for nominal respondent.

## OPINION OF THE COURT

VAN DUSEN, Circuit Judge.

Petitioner Plum Tree, plaintiff in the district court, seeks a writ of mandamus or prohibition directing that the district court vacate its order dated June 28, 1973, transferring the action, pursuant to 28 U.S.C. § 1404(a), to the United States District Court for the Southern District of Texas, Houston Division. Answers to the petition have been filed by defendants and on behalf of the district judge (nominal respondent) entering the June 28, 1973, order.

Petitioner filed a complaint against respondents in the District Court for the Eastern District of Pennsylvania on January 2, 1973, seeking declaratory and monetary relief for an alleged breach of a franchise agreement. On February 16, 1973, defendants filed their answer, along with a motion for transfer to the Southern District of Texas, Houston Division. In their motion, defendants stated that their business operation was in Houston, that plaintiff's claims do not arise out of or have any connection with business activities in the Eastern District of Pennsylvania, and that any breach of any agreement alleged in plaintiff's complaint would have occurred in the Southern District of Texas. However, defendants did not file affidavits, depositions, a brief in support of these contentions, or any other document containing information showing that a transfer would be appropriate for the convenience of the parties or witnesses or in the interest of justice. See Solomon v. American Continental Life Insurance Company, 472 F.2d 1043 (3d Cir. 1972). Plaintiff, on the other hand, filed a lengthy memorandum in opposition to the motion to transfer in which it argued that the forum-selection clause in the franchise agreement was entitled to respect.

On June 28, 1973, without having heard oral argument, the district court granted the motion for transfer on the ground that the franchise agreement was a contract of adhesion and the forum-selection clause was, therefore, void as against public policy. On July 11, 1973, plaintiff filed a motion to amend the order of June 28, 1973, to state that "such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation . . . ." 28 U.S.C. § 1292(b). On July 19, 1973, the district court denied this motion. This resulted in plaintiff's filing a petition for writ of mandamus in this court, seeking to compel the district court to amend its June 28 order so that an appeal from that order might be perfected pursuant to 28 U.S.C. § 1292(b).[1] How-

---

1. We note that the use of mandamus as a means of forcing the district court to make a certification under 28 U.S.C. § 1292(b) does not seem appropriate, for there are au-

ever, we shall adopt the procedure suggested at oral argument and accepted by counsel of abandoning any claim for relief under 28 U.S.C. § 1292(b) and treating the petition for writ of mandamus as one seeking this court to order the district court to vacate its transfer order, which is the more usual way to proceed in this circumstance. *See, e. g.,* Solomon v. Continental American Life Insurance Company, *supra;* Swindell-Dressler Corporation v. Dumbauld, 308 F.2d 267 (3d Cir. 1962).

### I.

▉ Under 28 U.S.C. § 1404(a) a transfer may be ordered "[f]or the convenience of parties and witnesses, in the interest of justice . . . ." In making a determination as to the presence of these factors, the district court is vested with a wide discretion, which is rarely disturbed on a petition for mandamus. See Solomon v. Continental American Life Insurance Company, *supra;* All States Freight v. Modarelli, 196 F.2d 1010 (3d Cir. 1952). However, in Swindell-Dressler Corporation v. Dumbauld, *supra,* we held that the failure to provide notice and an opportunity to be heard to the party opposing transfer was a violation of due process and would be remedied by granting a writ of mandamus to secure vacation of a transfer order. The process of establishing the appropriate procedural steps to be followed in determining a transfer motion is a continuing one in this Circuit. While our opinion in Wood v. Zapata Corporation, 482 F.2d 350 (3d Cir. 1973), rejected the contention that any and all informal conferences and arguments relative to a change of venue motion *must* be reported and transcribed by a court stenographer, a majority of

the panel agreed to the proposition that such proceedings *should* be transcribed. *Id.* at pp. 357–359 (Adams, J., concurring and Biggs, J., dissenting). Similarly, while we have not imposed a requirement that district courts make findings of fact and conclusions of law with respect to the three factors stated in 28 U.S.C. § 1404(a) on each transfer motion, we have suggested "that it would be helpful to us if each transfer order set forth the factors upon which the court relied in deciding the motion." Solomon v. Continental American Life Insurance Company, *supra,* at 1048 of 472 F.2d. In the case before us, there was no hearing or conference of any sort and, while the transfer order did contain a conclusory finding that the franchise agreement was a contract of adhesion and invalid, it made no reference to supporting evidence and did not relate that conclusory finding to the three factors stated in 28 U.S.C. § 1404(a). We do not hold that a hearing is necessarily required on every transfer motion, but where, as here, the evidence and arguments supporting a transfer were in doubt, a hearing or conference would have been desirable before the district court decided the motion. Furthermore, in making findings of fact on a transfer order, it would be helpful if the district court specifically related the evidence upon which it relies to the factors stated in 28 U.S.C. § 1404(a).

▉ The more significant difficulty here, however, is that there was no evidence before the district court upon which it could base a finding that a transfer order was justified. Defendants, having the burden of proof, did not support their motion to transfer with any affidavits, depositions, stipulations, or other documents containing facts that

thorities holding that the district court's decision on this question is not reviewable. See United States v. 687.30 Acres of Land, 451 F.2d 667, 670 (8th Cir.), cert. denied, 405 U.S. 1026, 92 S.Ct. 1291, 31 L.Ed.2d 486 (1971) ; Hirsch v. Bruchhausen, 284 F.2d 783, 786 (2d Cir. 1960). In addition, we note that an appeal by permission does not

appear to be an appropriate mode of challenging a transfer order. See Garner v. Wolfinbarger, 433 F.2d 117 (5th Cir. 1970) ; A. Olinick & Sons v. Dempster Bros., Inc., 365 F.2d 439 (2d Cir. 1966) ; Standard v. Stoll Packing Co., 315 F.2d 626 (3d Cir. 1963) ; Bufalino v. Kennedy, 273 F.2d 71 (6th Cir. 1959).

would tend to establish the necessary elements for a transfer under 28 U.S.C. § 1404(a).[2] Nor did they submit any briefs or make any oral argument demonstrating that facts existed which were sufficient to justify a transfer. Thus, the transfer order was based entirely on the facts and conclusions asserted in defendants' motion.[3] The finding that the franchise agreement was a contract of adhesion and that the forum-selection clause was, therefore, invalid as against public policy seems to have resulted solely from an examination of the face of the contract itself, since there was no evidence submitted on the relative bargaining power of the parties or the circumstances of the making of the contract, and no argument was made by defendants as to its invalidity.[4]

■ For the foregoing reasons, we hold that the June 28, 1973, district court order should be vacated, without prejudice to the right of defendants on remand to renew in the district court their motion for transfer, with appropriate supporting documents. See AAMCO Automatic Transmissions, Inc. v. Hagenbarth, 296 F.Supp. 1142 (E.D.Pa.1972).

## II.

■■ Since a substantial part of the discussion on both the motion for transfer in the district court and the petition for mandamus in this court focused on the issue of the effect to be given to the forum-selection clause in deciding a motion for transfer under 28 U.S.C. § 1404(a), and since this case is being remanded to the district court for further proceedings, we note that the existence of a valid forum-selection clause whose enforcement is not unreasonable [5] does not necessarily prevent the selected forum from ordering a transfer of the case under § 1404(a).[6] Congress set

2. Examples of such documents would be a list of the names and addresses of witnesses whom the moving party plans to call and affidavits showing the materiality of the matter to which these witnesses will testify, statements by the moving parties of the business difficulties or personal hardships that might result from their having to defend against the suit in the district court where it was originally brought, affidavits concerning the relative ease of access to sources of documentary evidence, and other materials where appropriate.

3. The mere fact that the alleged breach would have occurred in the Southern District of Texas does not by itself justify a transfer of venue. Although it would undoubtedly be inconvenient for defendants to have their business in Houston and travel to the Eastern District of Pennsylvania, there is nothing in the transfer motion to indicate that defendants would suffer a greater inconvenience than would plaintiff if the case is transferred to the Southern District of Texas.

4. Furthermore, a finding that the forum-selection clause is invalid cannot by itself support a decision to transfer. Such a finding has no necessary relevance to the convenience of the parties or witnesses, and while it does counter-balance the weight that might otherwise be given to the forum-selec-

tion clause, it does not swing the scales so far in the other direction to establish conclusively that the interest of justice requires a transfer. See Part II of this opinion, *infra*. We note that defendants, by filing an answer here, waived any objection to service of process.

5. If, on the basis of appropriate evidence and after opportunity for argument in either briefs or at a hearing, the district court finds that a forum-selection agreement is affected by fraud, undue influence, or overweening bargaining power and is, therefore, invalid or that its enforcement would be "unreasonable," the cases indicate that it should refuse to enforce its provisions. See M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 12, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972); Central Contracting Co. v. Maryland Casualty Co., 367 F.2d 341, 344 (3d Cir. 1966).

6. The cases cited by plaintiff in its memorandum in opposition to defendants' motion to transfer for the proposition that forum-selection agreements should be respected either do not involve a motion to transfer under § 1404(a) or do not rely on the forum-selection agreement in reaching their decision on the transfer motion. Thus, none of them considered the significance of the fact that Congress had specified what factors are to be considered by a district court in decid-

**758**

down in § 1404(a) the factors it thought should be decisive on a motion for transfer. Only one of these—the convenience of the parties—is properly within the power of the parties themselves to affect by a forum-selection clause. The other factors—the convenience of witnesses and the interest of justice—are third party or public interests that must be weighed by the district court; they cannot be automatically outweighed by the existence of a purely private agreement between the parties.[7] Such an agreement does not obviate the need for an analysis of the factors set forth in § 1404(a) and does not necessarily preclude the granting of the motion to transfer.

### III.

In the event that the district court does not vacate its June 28 transfer order within 20 days, as described at page 757 plaintiff may apply for the entry of an order providing that a writ of mandamus shall issue, directing the nominal respondent judge to vacate and set aside the order of June 28, 1973, without prejudice to the right of defendants on remand to renew their motion for transfer supported by appropriate documents in accordance with the foregoing opinion.

---

ing such a motion. See M/S Bremen v. Zapata Off-Shore Co., *supra;* National Rental v. Szukhent, 375 U.S. 311, 84 S.Ct. 411, 11 L.Ed.2d 354 (1964); Central Contracting Co. v. Maryland Casualty Co., *supra;* Wm. H. Muller & Co. v. Swedish American Line, Ltd., 224 F.2d 806 (2d Cir. 1955); AAMCO Automatic Transmissions, Inc. v. Hagenbarth, *supra;* AAMCO Automatic Transmissions, Inc. v. Coleman, C.A. No. 70–1837 (E.D.Pa., Aug. 11, 1970); AAMCO Automatic Transmissions, Inc. v. Sanders, C.A. No. 70–1396 (E.D.Pa., Jan. 21, 1971). See also Spatz v. Nascone, 364 F.Supp. 967 (W. D.Pa., 1973).

7. A valid forum-selection agreement may be treated as a waiver by the moving party of its right to assert its own convenience as a factor favoring a transfer from the agreed

upon forum or as one element to be considered in weighing the interest of justice. Whether the forum-selection agreement should be treated in either or both of these ways will often depend on its specific terms. In some agreements, one court is assigned exclusive jurisdiction of cases arising under the contract, while in others the parties merely consent to the jurisdiction and venue of a court that might otherwise lack them. The forum-selection clause in the agreement between the parties in this case seems ambiguous on the question of transfer. The licensee consents therein to the jurisdiction and venue of certain specified courts and agrees not to bring any legal proceedings arising out of the agreement except in those courts. It is unclear whether the intent was to give those courts exclusive jurisdiction so as to prevent any transfer.