**CREDIT ALLIANCE CORPORATION, Credit America Corporation and C–A Leasing Service Corporation, Plaintiffs,**

v.

**Vivian Lounsbury CROOK a/k/a Vivian E. Crook d/b/a Elk Creek Farms, Defendants.**

No. 83 Civ. 0229(MEL).

United States District Court,
S.D. New York.

July 26, 1983.

Mark A. Brandoff, New York City, for plaintiffs.

Boies & O'Rourke, Los Angeles, Cal., for defendant Vivian E. Crook; Lewis W. Boies, Jr., Los Angeles, Cal., of counsel.

LASKER, District Judge.

This is an action to recover on a Personal Guaranty ("Guaranty") and a Conditional Sales Note ("Note"). Plaintiffs Credit Alliance Corp. ("Credit") and Leasing Service Corp. ("Leasing") are Delaware and New York corporations respectively, with their principal places of business in New York, while plaintiff Credit America Corp. ("America") is a California corporation with

its principal place of business in California. Defendant Vivian Lounsbury Crook ("Crook"), the guarantor and obligor under the Note, is an Oregon resident. Crook cross-claims against plaintiffs, one George J. Marro and C.C. Investors, a California Limited Partnership, and its members for (*inter alia*) fraud and seeks a declaratory judgment as to whether she is still bound by her Guaranty obligations. Jurisdiction is based on diversity of citizenship. Crook now moves pursuant to 28 U.S.C. § 1404(a) for an order transferring this action to the Central District of California.

On October 31, 1973, Crook executed and delivered to America her personal Guaranty of all obligations of Crook Co., present and future, owing to America (Complaint, Exhibit "A"). On September 26, 1978, Crook signed and delivered to plaintiffs a written Guaranty of Crook Co.'s debts, then or thereafter owing to all the Plaintiffs (Complaint, Exhibit "B"). On November 1, 1979, Crook Co. sold a tractor to Crook and assigned its interest in the Note and property to Credit (Complaint, Exhibits "C", "D"). Although each of the instruments were executed in California, there were clauses within both the 1978 Guaranty and the Note which stated: "[the parties] agree to the venue and jurisdiction of any court in the State and County of New York regarding any matter arising hereunder." (Mehl affidavit, ¶¶ 4, 5).

Plaintiffs allege that Crook Co. defaulted on its obligations to plaintiffs and that Crook refused to honor her Guaranty of those obligations. Crook is also said to have defaulted on her obligations under the Note held by Credit. Crook maintains that she was released from her Guaranty obligations by Marro, an employee of one or more of the plaintiffs. She alleges that as part of the consideration for the release, Marro fraudulently induced her to sell both her's and her children's shares in Crook Co. to

C.C. Investors. This event is also alleged to have occurred in California.

Crook contends that a trial in California would be more convenient for both the parties and the witnesses. Plaintiffs respond that Crook should be precluded from asserting her own convenience as a reason for transfer because she waived that right by "consenting" to venue in New York. With respect to the convenience of the witnesses, plaintiffs assert that a trial in California would be as inconvenient for its witnesses as a trial in New York would be for Crook's witnesses. Accordingly, plaintiffs argue that since the balance of conveniences does not clearly favor California, its choice of forum should not be disturbed.

■ Although forum-selection clauses are usually upheld absent a showing of unreasonableness, *The Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 15, 92 S.Ct. 1907, 1916, 32 L.Ed.2d 513 (1972), the existence of such a clause, if not mandatory, does not prevent the court from ordering a change of venue under § 1404(a).[1] *Coface v. Optique Du Monde, Ltd.,* 521 F.Supp. 500 (S.D. N.Y.1980). In *Coface,* the defendants, guarantors of the debtor's company's obligations, signed a contract in which they "consent[ed] to the jurisdiction [and venue] of the State and Federal Courts sitting in New York in any action arising out of or connected with this agreement." *Id.* at 503. The contract also provided that its provisions were to be interpreted according to New York law. *Id.* at 502. In ordering a transfer of the case to the Northern District of Illinois regardless of the contract provision, Judge Conner considered the fact, among others, that it was more convenient for the guarantors themselves to defend the action in Illinois. Judge Conner concluded that all of the factors, including convenience of the parties, should be weighed by the court since, by its terms, the agreement did not establish "New York as the exclu-

---

1. 28 U.S.C. § 1404(a) provides:
   "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

sive forum for litigation" but rather as a "permissible forum" that may be subject to transfer depending on the application of the factors enumerated in § 1404(a). *Id.* at 506–07. See also *First National City Bank v. Nanz, Inc.,* 437 F.Supp. 184, 186–87 (S.D. N.Y.1975) (forum-selection clause which provided that New York courts "shall have jurisdiction of any dispute" was not by its terms mandatory).

■ Plaintiffs cite *Plum Tree, Inc. v. Stockment,* 488 F.2d 754 (3d Cir.1973) as authority for the proposition that a party which consents to venue in one district is deemed to have waived its right to seek a transfer to another district for its own convenience under § 1404(a). Such a waiver occurs, however, only where that party's preselected forum is one that by the terms of the agreement "is assigned exclusive jurisdiction of cases arising under the contract." *Id.* at 758 n. 7. See also *Full-Sight Contact Lens Corp. v. Soft Lenses, Inc.,* 466 F.Supp. 71, 72–3 n. 3 (S.D.N.Y.1978) (plaintiff was barred from asserting its own convenience in opposing a transfer since it had contractually agreed that "any suit ... *shall* be brought in either San Diego or Los Angeles County") (emphasis added).

> The agreements here in dispute provide: "[the parties] agree to the venue and jurisdiction of any court in the State and County of New York regarding any matter arising hereunder."

(Mehl Affidavit, ¶¶ 4, 5). Although this language *empowers* the New York courts to adjudicate this matter, it does not indicate that New York is the *exclusive* or the only appropriate forum where the case may be heard. In executing the agreement, Crook declared nothing more than her consent to

the venue and jurisdiction of a court which might otherwise not exist [2]—thus retaining her right to assert her own convenience as a basis for transfer. Thus, the question arises whether the balance of conveniences favors the California or New York forum.

Crook contends that California is a more convenient forum for herself because it is closer to her Oregon residence and because all of the records reflecting the obligations of Crook Co. to plaintiffs are in the possession of Crook Co.'s California offices (Boies Affidavit, ¶ 7).

Crook also asserts that all of the witnesses she intends to call at trial, over 14 in number, would be highly inconvenienced should they be required to testify in New York since they are all California residents (Notice of Motion, ¶ 4). Crook's witnesses include Marro and other members of C.C. Investors, who will testify on the question of release (Boies Affidavit, ¶ 6).[3] Plaintiffs, on the other hand, state that the witnesses who they would call to establish damages—plaintiff's employees—all work in New York City (Mehl Affidavit, ¶ 9).

■ The burden is on Crook to establish that the balance of conveniences weighs clearly in favor of the proposed transferee court. *Coface v. Optique Du Monde, supra* at 507. We conclude that she has met this burden.

■ First, Crook herself—though an Oregon resident—will find it more convenient to litigate this action in California, especially since all Crook Co.'s records and documents are located there. Second, all the cross-defendants, including Marro and C.C. Investors, are residents of that State. Their presence, and thus convenience, is

---

2. The question arises whether, in spite of the forum-selection clause, venue is proper at all in the Southern District of New York since "all plaintiffs" do not reside here as the applicable venue provision, 28 U.S.C. § 1391(a), requires. We need not decide this question for purposes of this motion since we find that the convenience of the parties and witnesses warrants a

transfer of this action to the Central District of California.

3. Although Crook does not list the names of the other witnesses or the subject matter of their testimony, she does assert that certain witnesses will testify as to the circumstances surrounding the execution and performance of the Note (Boies Affidavit, ¶ 8).

essential to the ultimate resolution of this case because Crook's cross-claim—whether Crook was defrauded into selling her stock in exchange for a release from her obligations—is completely intertwined with the question of Crook's liability. Third, Credit America Corp., one of the plaintiffs, will not be inconvenienced at all by a trial in California since it is both incorporated in and has its principal place of business in California. See *Y⁴ Design Ltd. v. Regensteiner Publishing Enterprises, Inc.,* 428 F.Supp. 1067, 1070 (S.D.N.Y.1977) (defendant's convenience factors should be given equal consideration "especially where plaintiff brings suit outside his own home forum").

We find it significant that those witnesses testifying on the question of release are all based in California since, as noted above, Crook's potential liability hinges on the resolution of this question. Plaintiffs' response that their witnesses will be inconvenienced by travelling to California is insufficient, because the only witness plaintiffs seek to call are intended to testify on the question of damages, and plaintiffs' own memorandum establishes "that proof of damages ... would be substantially documentary in nature." (Plaintiffs' Memorandum at 8). Accordingly, on the present record it would appear that the convenience of both the parties and the witnesses favors the California forum.

The question that remains to be decided is whether plaintiffs' claim is one that might originally have been brought in California as required by 28 U.S.C. § 1404(a). Under the applicable venue provisions, 28 U.S.C. § 1391(a), venue is proper "only in the judicial district where all plaintiffs or all defendants reside, or in which the claim arose." Because Crook is an Oregon resident and only one of the plaintiffs is a California resident, this action may be transferred only if it can be demonstrated that plaintiffs' claim arose in California.

Plaintiffs contend that their claim under the Guaranty did not arise in California because 1) the Guaranty designates Crook's address as being in Oregon, 2) both the Guaranty and the Note speak of performance to be tendered in New York, and 3) the letter and notice by which Crook purported to repudiate her obligations under the Guaranty was mailed from Oregon. Plaintiffs also submit that the mere execution of the documents in California is insufficient to support a holding that plaintiffs' claim arose there. Crook responds that the claim arose in California because the agreements which she executed in California were also to be performed there and that these acts suffice to warrant plaintiffs' action being brought in California.

Under the "weight of contacts" approach, a claim arises for venue purposes "in the district where the [defendant's] contacts had been most significant." *Honda Associates, Inc. v. Nozawa Trading, Inc.,* 374 F.Supp. 886, 891 (S.D.N.Y.1974). This formula, however, provides little guidance in determining where plaintiffs' claim arose because, the claim could be said to have arisen in any one of three locations with which Crook had contacts—New York, Oregon or California. In a case where it is difficult to establish the specific district in which the claim arose for § 1391 purposes, "those two (or conceivably even more) districts that with approximately equal plausibility—in terms of the availability of witnesses, the accessibility of other relevant evidence, and the convenience of the defendant (but *not* of the plaintiff)—may be assigned as the locus of the claim." *Leroy v. Great Western United Corp.,* 443 U.S. 173, 185, 99 S.Ct. 2710, 2717, 61 L.Ed.2d 464 (1979).

Although the agreements in dispute seem to indicate that Crook's payments were to be forwarded to plaintiffs in New York, this sole contact with New York is insufficient to establish, as plaintiffs argue, that State as an equally plausible locus of the claim under the Supreme Court's formulation in *Great Western.* See *Coface v. Optique Du Monde, Ltd., supra* at 506 (fact

that guarantor executed guaranty in New York and was to have made payments against the debt through a New York bank did not establish New York "as an equally plausible situs of the claim." Although it may be argued that the plaintiffs' claim arose in Oregon since Crook set forth an Oregon address on the face of the instruments and allegedly repudiated the Guaranty in a letter mailed from there, the record does not reflect where she was to have performed her obligations. It is possible that she could have made the payments either from Oregon, where she resided, or from California, where she executed the agreements. Since no payments were ever made, we ought not attempt to resolve the metaphysical question of where a claim arose by speculating as to the district in which Crook kept her checkbook. In any event, under the *Great Western* formulation, it is more plausible that the Central District of California "be assigned as the locus of the claim" since 1) most, if not all, of the witnesses are located there; 2) much of the relevant evidence—Crook Co.'s records—is accessible there; and 3) the parties would be more convenienced by a trial there. Since "venue is primarily a matter of convenience of litigants, and witnesses" *Denver & R.G.W.R. Co. v. Railroad Trainmen,* 387 U.S. 556, 560, 87 S.Ct. 1746, 1748, 18 L.Ed.2d 954 (1967), we find that in this case, venue lies more appropriately in California. The motion to transfer this action to the Central District of California is granted.

It is so ordered.