**LEASING SERVICE CORPORATION**
and Credit Alliance Corporation,
Plaintiffs,

v.

**PATTERSON ENTERPRISES, LTD.,** William B. Patterson, Jeanne W. Patterson, W.B. Patterson, Jr. and Jackie B. Patterson, Defendants.

No. 85 Civ. 5343 (JMW).

United States District Court,
S.D. New York.

March 25, 1986.

Sol D. Bromberg, New York City, for plaintiffs.

John Halebian, Pollack & Kaminsky, New York City, Jeff D. Rawlings, Young Scanlon & Sessums, Jackson, Miss., for defendants.

## OPINION AND ORDER

WALKER, District Judge.

### Introduction

This contract action seeks to recover a deficiency arising after public auction of repossessed heavy construction equipment. The plaintiffs, Leasing Service Corporation ("LSC") and Credit Alliance Corporation ("CAC"), are New York corporations. The defendants are Patterson Enterprises Ltd. ("Patterson"), a Mississippi corporation, and the corporation's officers. The auction of the equipment was necessitated by Patterson's default on three lease agreements and a promissory note, and by the default on a personal guarantee by the co-defendant officers of Patterson.

Presently before the Court are defendant's motion, pursuant to 28 U.S.C. § 1404, for a change of venue to the United States District Court for the Southern District of Mississippi, and a motion by LSC and CAC for summary judgment in the amount of the alleged deficiency. The Court now grants Patterson's motion to transfer and declines to decide plaintiffs' motion for summary judgment.

### Facts

On November 7, 1980, Patterson entered into two lease agreements with Stribling Puckett, Inc. ("Puckett") under which Patterson leased heavy construction equipment from Puckett. A third lease of similar equipment was executed by Patterson and Puckett on May 4, 1981. Each of these three leases was then assigned by Puckett to LSC.

The terms of each of the leases were modified three times through extension agreements signed in 1982 and 1983. In addition, on December 1, 1983, Patterson executed a promissory note and security agreement mortgage on the equipment in favor of CAC. Certain officers of Patterson also signed personal guarantees on the obligations of Patterson.

In early 1985, plaintiffs repossessed the leased equipment. At the date of default, the unpaid balance on the contracts was $628,342.72. Almost immediately after the repossession, plaintiffs exercised their rights under the agreements and arranged for an auction of the equipment. In preparation for the sale, they repaired and refurbished the machinery at a cost of $104,-646.21.

A public auction attended by two hundred bidders took place in Jackson, Mississippi on May 7, 1985. The sale gained $873,250.00. While Patterson contends that the proceeds were sufficient to cover the unpaid balance and plaintiffs' reasonable expenses, plaintiffs claim they are still owed $608,709.95 under the agreements, including liquidated damages, attorneys' fees, taxes, interest, late charges and the cost of repairs.

### Discussion

### (1) *Forum-Selection Clause*

All of the leases, notes and guarantees signed by Patterson's president contain the following forum-selection clause:

[Patterson Enterprises Ltd.] agrees to the venue and jurisdiction of any court located within the State and County of

New York regarding any matter involving [Patterson] and [CAC and LSC].

Plaintiffs argue that the terms of the clause, to which Patterson freely agreed, require this case to be heard in New York. Further, plaintiffs claim that by agreeing to the clause, Patterson waived its right to seek transfer under 28 U.S.C. § 1404. This Court disagrees.

■ There is a clear distinction to be made between permissive forum-selection clauses and mandatory clauses. The existence of a permissive forum-selection clause does not prevent a court from ordering a change of venue under 28 U.S.C. § 1404(a). *Credit Alliance v. Crook,* 567 F.Supp. 1462 (S.D.N.Y.1983); *Coface v. Optique Du Monde, Ltd.,* 521 F.Supp. 500 (S.D.N.Y. 1980). A forum-selection clause mandates a waiver of § 1404 analysis only where the terms of the agreement identify the preselected forum as an *exclusive* forum for hearing disputes arising under the contract. *Full-Sight Contact Lens Corp. v. Soft Lenses, Inc.,* 466 F.Supp. 71 (S.D.N.Y. 1978) (Clause at issue read: "Any suit ... *shall* be brought in either San Diego or Los Angeles County" (emphasis added)); *Credit Alliance, supra; Plum Tree, Inc. v. Stockment,* 488 F.2d 754 (3rd Cir.1973).

■ The language of the instant forum-selection clause is not mandatory. On the contrary, the wording is very similar to that in *Credit Alliance:* "[The parties] agree to the venue and jurisdiction of any court in the State and County of New York regarding any matter arising hereunder." 567 F.Supp. at 1465. There the court stated, "this language *empowers* the New York courts to adjudicate this matter, it does not indicate that New York is the *exclusive* or the only appropriate forum ..." *Id.* (emphasis in original).

Thus, while the forum-selection clause in this case empowers New York courts to hear actions between the parties which in the absence of the clause could not be heard, the clause does not preclude this Court from entertaining a motion to transfer pursuant to 28 U.S.C. 1404(a).

## (2) Transfer

The party seeking transfer bears the burden of establishing the propriety of a § 1404(a) transfer. *Teachers Insurance and Annuity Association of America v. Butler,* 592 F.Supp. 1097 (S.D.N.Y.1984) (Weinfeld, J.). To determine whether the defendants have satisfied their burden, a number of factors are relevant:

(1) the convenience to parties; (2) the convenience of witnesses; (3) the relative ease of access to sources of proof; (4) the availability of process to compel attendance of unwilling witnesses; (5) the cost of obtaining willing witnesses; (6) the practical problems indicating where the case can be tried more expeditiously and inexpensively; and (7) the interests of justice, a term broad enough to cover the particular circumstances of each case, which in sum indicate that the administration of justice will be advanced by a transfer.

*Id.* at 1105; *Coface,* 521 F.Supp. at 507.

Defendants contend that this case should be transferred because their defense will be prejudiced by the unavailability of witnesses beyond this Court's subpoena power and the prohibitive expense of transporting witnesses to New York. Defendants also point out that substantially all the relevant events in this action occurred in Mississippi.

In response, plaintiffs contend that since their present summary judgment motion demonstrates there are no material issues of fact in the case, witness cost, convenience and availability are irrelevant. Plaintiffs also argue that even if convenience is considered, *their* inconvenience if the case is sent to Mississippi will simply be equal to defendants' inconvenience if the matter stays in New York.

■ Where a request to transfer an action is based upon witness cost, convenience and availability, the movant must set out the key witnesses to be called along with a general description of the substance of their testimony. *Mendelson v. Fleischman,* 386 F.Supp. 436 (S.D.N.Y.1973); *Bas-*

*tille Properties Inc. v. Hometels of America, Inc.*, 476 F.Supp. 175 (S.D.N.Y.1979). Patterson has done so. Affidavit of W.P. Patterson, Sr. in Support of Transfer at ¶ 3. Substantially all of the witnesses identified reside in Jackson, Mississippi and have no apparent connection with New York.

■ Additionally, the movant must demonstrate that the inconvenience in the present forum outweighs the inconvenience to its adversary and its adversary's witnesses in the desired forum. "Where the balance of convenience is in equipoise, plaintiff's choice of forum will control." *Bastille Properties*, 476 F.Supp. at 182.

■ The Court must first consider whether there are any questions of fact about which the Mississippi witnesses identified by Patterson could offer material testimony. If not, then there is clearly no reason why the cost, convenience and availability of such witnesses should be considered.

While the Court expressly declines to decide the summary judgment motion, it appears initially that there exists at least one material issue of fact which will necessitate testimony by Mississippi witnesses. Under both the Mississippi and New York versions of U.C.C. § 9–504, pre-auction repairs on repossessed equipment must be commercially reasonable.

■ Plaintiffs have included in their request for a deficiency judgment the amount of $104,646.21 to cover the cost of repairing the repossessed equipment prior to its sale. This significant sum constitutes approximately one-sixth of the total judgment sought. There is no question that plaintiffs had this work done; they have submitted a copy of the relevant bill. More than a simple bill is needed, however, because defendants dispute the reasonableness of the repairs. Patterson has identified a number of witnesses, all residents of Mississippi, who were familiar with the condition of the equipment prior to auction and can testify to relative necessity of repair work. Because a court would not be able to award that portion of the deficiency constituted by the repair work without hearing the testimony of these witnesses, their cost, convenience and availability must be considered.

By their own admission, plaintiffs plan to call witnesses only to establish the validity of documents, the existence of the debt and compliance with law. Affidavit of Robert J. Salge in Opposition to Transfer at ¶ 6. This would presumably involve calling a small number of plaintiffs' New York employees. Salge aff. at ¶ 5. No doubt, these LSC and CAC employees would suffer the same inconvenience by litigating in Mississippi that Patterson's employees would suffer by litigating in New York. This balanced inconvenience alone would not justify a 1404(a) transfer.

Tipping the scales in favor of transfer, however, are those witnesses identified by Patterson as Mississippi residents, who are outside the subpoena power of this Court, and who may have significant and material information regarding the condition of the equipment prior to sale and the necessity of repairs. The relative ease of transporting plaintiffs' documentary evidence, not said to be voluminous, to Mississippi, compared with the burden of transporting the Mississippi witnesses to New York, is clear.

Finally, the interests of justice support transfer. Defendants' business appears to be strictly local in character. Plaintiffs, on the other hand, have a nationwide business, have been involved in litigation where their forum-selection clauses have not been enforced, (*See Credit Alliance Corp. v. Crook, supra,* and *Leasing Service Corp. v. Broetje,* 545 F.Supp. 362 (S.D.N.Y.1982)), and should expect that the use of permissive forum-selection clauses may result in distant litigation where the opposing party would be greatly inconvenienced by litigation in New York.

### Conclusion

The relevant factors compel transfer of this action to the Southern District of Mississippi. The Court thus declines to decide plaintiffs' motion for summary judgment.

So Ordered.