Ethel B. SAVIN, individually and on behalf of a class of former debentureholders similarly situated, Plaintiff,

v.

CSX CORPORATION (formerly Chessie Systems, Inc.), the Chesapeake & Ohio Railroad, the Baltimore and Ohio Railroad Company and the Chase Manhattan Bank, N.A., Defendants.

No. 86 Civ. 5790 (JMW).

United States District Court, S.D. New York.

April 15, 1987.

---

Michael P. Malakoff, Berger, Kapetan, Malakoff & Myers, P.C., Pittsburgh, Pa., Edwin J. Mills, Stull, Stull & Brody, New York City, for plaintiff.

Richard T. Wentley, Anthony J. Basinski, Joseph W. Klein, Reed, Smith, Shaw & McClay, Pittsburgh, Pa., Robert C. Myers, Michele Gapinski, Dewey, Ballantine, Bushby, Palmer & Wood, New York City, for defendants.

WALKER, District Judge:

## INTRODUCTION

Plaintiff Ethel B. Savin ("Savin") has brought a class action against Defendants CSX Corporation ("CSX"), The Chesapeake & Ohio Railroad Company ("C & O"), The Baltimore and Ohio Railroad Company ("B & O"), and The Chase Manhattan Bank, N.A. ("Chase"). The class action alleges that defendants committed securities fraud and a breach of fiduciary duty by failing to disclose B & O's declaration of a dividend, as well as certain facts related to previous securities litigation brought against CSX, C & O, and B & O.

Defendants move to transfer plaintiff's action to The Hon. Gerald J. Weber of the Western District of Pennsylvania. For the reasons set forth below, defendant's motion is granted.

## STATEMENT OF FACTS

The instant action relates to debentures issued by B & O. Defendant C & O is the principal owner of B & O common stock, holding 99.8% of the outstanding shares. Defendant C & O is itself a subsidiary of Defendant CSX, which owns 100% of C & O's stock.

Defendant B & O first entered into an indenture agreement with Chase, which served as the indenture trustee, in 1956. Under the agreement, B & O authorized Chase to issue as much as $54 million in debentures. As of 1977, more than $13 million of the debentures were in the hands of the public. Article 10, section 1(c) of the indenture agreement included a forum selection clause, which reads:

All questions or controversies as to the liability of the Trustee [Chase] under this Indenture shall be decided and determined under the laws of the state of New York, and no action, suit or other proceeding legal or equitable shall be instituted or conducted against the Trust-

ee in the courts of any other state unless with its voluntary written consent.

On December 13, 1977, Defendant B & O declared a dividend in the stock of its wholly-owned subsidiary, the Mid-Allegheny Corporation, to all B & O shareholders. In various actions brought against B & O and other defendants, plaintiffs have claimed that B & O failed to give individuals holding debentures notice of this dividend. The lack of notice allegedly prevented holders of debentures from converting their debentures into stock and receiving the December 13 dividend. *See Pittsburgh Terminal Corp. v. Baltimore & Ohio Railroad Co.,* 509 F.Supp. 1002 (W.D.Pa.1981).

As of December 1, 1979, plaintiff owned $25,000 of B & O 4½% Convertible Debentures. Plaintiff sold ten of her Debentures on December 31, 1979, and sold another fifteen debentures on September 29, 1981. Plaintiff brings her claims as a class action "on behalf of all persons who were owners of the Convertible 4½% B & O Debentures."

Plaintiff alleges that defendants provided her with no notice of her ability to convert her debentures to stock and receive a dividend until they issued a court-approved press release on June 23, 1986. Plaintiff claims that defendant's failure to provide her with notice constitutes securities fraud, under section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), as well as a breach of fiduciary duty on the part of C & O, CSX, and Chase.

Plaintiff also alleges that defendants failed to inform plaintiff class members of two other pending securities suits, which other plaintiffs had brought on behalf of holders of B & O debentures. Plaintiff claims that this failure to inform class members as to the status of these pending suits, and the possibility that class members would share in any recovery, constitutes actionable securities fraud and a breach of fiduciary duty on the part of C & O, CSX, and Chase.

A total of six other pending suits allege that B & O and other defendants committed unlawful acts related to the issuance of the 1977 dividend. All of those suits currently are pending before The Hon. Gerald J. Weber of the Western District of Pennsylvania, whose court is located in Pittsburgh. The court calenders in the Western District of Pennsylvania and the Southern District of New York, where plaintiff has filed the instant action, contain roughly the same number of pending actions. For example, in this district the median time between the filing of a complaint and the disposition of a case after trial is nineteen months, while in the Western District of Pennsylvania this same process takes about eighteen months.

Plaintiff is an Illinois resident. Defendant B & O is a Maryland corporation with its principal place of business in Maryland. Defendant C & O is a Virginia corporation with its principle place of business in Maryland. Defendant CSX is a Virginia corporation with its principal place of business in Virginia. The principal place of business of Defendant Chase is in New York City.

Plaintiff is represented by the Pittsburgh law firm of Berger, Kapetan, Malakoff & Meyers. Defendants CSX, C & O, and B & O are represented by the Pittsburgh firm of Reed, Smith, Shaw & McClay. The New York firm of Dewey, Ballantine, Bushby, Palmer & Wood represents Defendant Chase.

## DISCUSSION

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer a civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "Motions to transfer, pursuant to 28 U.S.C. § 1404(a) are directed to the discretion of the Court." *Somerville v. Major Exploration, Inc.,* 576 F.Supp. 902, 906 (S.D.N.Y. 1983). However, "[t]he burden is on the defendant, when it is the moving party, to establish that there should be a change of forum." *Factors Etc., Inc. v. Pro Arts, Inc.,* 579 F.2d 215, 218 (2d Cir.1978), *cert. denied,* 440 U.S. 908, 99 S.Ct. 1215, 59 L.Ed.2d 455 (1979); *accord Credit Alliance Corp. v. Crook,* 567 F.Supp. 1462, 1464 (S.D.N.Y.1983); *Durham Productions, Inc. v. Sterling Film Portfolio,*

*Ltd.*, 537 F.Supp. 1241, 1243 (S.D.N.Y. 1982).

In considering a motion to transfer, a court must weigh:

(1) [T]he convenience of the parties and witnesses (and the availability of process to compel attendance of unwilling witnesses); (2) the relative ease of access to sources of proof, and other practical problems that make trial of a case easy, expeditious, and inexpensive; and (3) the interests of justice.

*Somerville v. Major Exploration, Inc.*, 576 F.Supp. 902, 906 (S.D.N.Y.1983). "Although a plaintiff's choice of forum is entitled to substantial weight, that weight may be diminished where, as here, suit is brought outside plaintiff's home forum." *Pesin v. Goldman, Sachs & Co.*, 397 F.Supp. 392, 394 (S.D.N.Y.1975); *accord Helfant v. Louisiana & Southern Life Insurance Co.*, 82 F.R.D. 53, 57–58 (E.D.N.Y. 1979).

■ In evaluating the first factor in this test, "the convenience of the parties and witnesses," the Court finds that the balance tips slightly in favor of this district and against the Western District of Pennsylvania as the more convenient forum. Plaintiff, an Illinois resident, has not shown significant contacts with New York. Although plaintiff argues that a Manhattan trial will prove more convenient for Defendant Chase, which maintains its offices in New York instead of Pittsburgh, this argument is weak, given that Chase itself seeks to transfer the instant litigation to Pittsburgh.

Plaintiff's strongest argument in favor of New York as the most convenient forum is based on the forum selection clause, appearing in Article 10 of the indenture agreement, which specifies New York as the appropriate site for most suits brought by holders of debentures. Case law has held that a "forum-selection clause is determinative as to the convenience of the parties...." *Richardson Greenshields Securities, Inc. v. Metz*, 566 F.Supp. 131, 134 (S.D.N.Y.1983). *Accord Full-Sight Contact Lens Corp. v. Soft Lenses, Inc.*, 466 F.Supp. 71, 74 (S.D.N.Y.1978).

Defendants have made little showing that Pittsburgh provides a more convenient forum than New York. Although defendants argue that witnesses assembled in Pittsburgh to testify in the six other litigations could easily provide testimony relevant to the instant case, defendants do not specify such witnesses. Defendants also argue that the presence of both plaintiff's and defendants' counsel in Pittsburgh indicates that the Western District of Pennsylvania is a more convenient forum for the instant action. However, settled case law holds unambiguously that "mere inconvenience to counsel is not an appropriate factor to consider on a motion to transfer venue." *Matra Et Manurhin v. International Armament Co.*, 628 F.Supp. 1532, 1535 n. 5 (S.D.N.Y.1986); *Accord Austin v. Johns-Mansville Corp.*, 524 F.Supp. 1166, 1169 (E.D.Pa.1981).

Based on the forum selection clause, this Court concludes that the convenience of the parties and the witnesses would be furthered slightly by denying defendants' motion to transfer. However, the fact that plaintiff's choice of forum is somewhat more convenient "does not ... require the [transfer] motion to be denied. Other factors must be considered." *Thomson & McKinnon v. Minyard*, 291 F.Supp. 573, 576 (S.D.N.Y.1968).

The second factor which this Court must consider, "the relative ease of access to sources of proof," while not pointing strongly to either New York or Pittsburgh as the proper forum, tips the scale in favor of Pittsburgh. Plaintiff makes only a conclusory and unsupported assertion that Chase's New York offices house most of the documents relevant to the instant litigation.

On this point, defendant makes a somewhat more convincing argument that during the pendency in Pittsburgh of the other actions arising out of the B & O dividend, numerous relevant documents have been stored with the clerk of the court for the Western District of Pennsylvania, or at the office of defendants' Pittsburgh counsel. The availability of relevant documents in a district other than the court where plaintiff

first brings suit will support a motion to transfer. *See, e.g., Mobile Video Services, Ltd. v. National Association of Broadcast Employees and Technicians,* 574 F.Supp. 668, 670 (S.D.N.Y.1983). Accordingly, this Court finds that defendant's motion to transfer receives support from this second factor.

This Court's decision on the instant motion thus turns on the third relevant factor, "the interests of justice." This Court finds that these interests would be best served by the transfer of the instant action to Pittsburgh. In resolving this factor in favor of defendants, the Court focuses on the extensive experience of Judge Weber, who has almost ten years of involvement with litigation arising out of the B & O dividend. Although this Court accepts plaintiff's argument that some differences exist between the legal issues raised in the instant action and the six pending actions in Pittsburgh, Judge Weber's familiarity with the factual background underlying the contested dividend will no doubt prove of substantial assistance to both parties.

As the Second Circuit Court of Appeals has written:

> There is a strong policy favoring the litigation of related claims in the same tribunal in order that pretrial discovery can be conducted more efficiently, duplicitous litigation can be avoided, thereby saving time and expense for both parties and witnesses, and inconsistent results can be avoided.

*Wyndham Associates v. Bintliff, A.G.,* 398 F.2d 614, 619 (2d Cir.), *cert. denied,* 393 U.S. 977, 89 S.Ct. 444, 21 L.Ed.2d 438 (1968). *Accord Somerville v. Major Exploration, Inc.,* 576 F.Supp. 902, 908 (S.D. N.Y.1983) ("The existence of a related action in the transferee district is a strong factor to be weighed in the interest of judicial economy."). Accordingly, cases often have cited the pendency of related actions in another court as strongly supporting the transfer of an action to that court. *See, e.g., Durham Productions, Inc. v. Sterling Film Portfolio, Ltd.,* 537 F.Supp. 1241, 1244 (S.D.N.Y.1982); *Full-Sight Contact Lens v. Soft Lenses, Inc.,* 466 F.Supp. 71, 75 (S.D.N.Y.1978); *Farbenfabriken Bayer A.G. v. National Distillers and Chemical Corp.,* 324 F.Supp. 156, 158–59 (S.D.N.Y.1971). In the instant action, the litigation of related cases in Pittsburgh leads this Court to conclude that defendants' motion should be granted.[1]

Plaintiff argues that various unique circumstances compel this Court to deny defendants' motion to transfer. This Court cannot agree that these facts preclude granting defendants' motion.

Plaintiff first asserts that the forum selection clause appearing in Article 10, Section 1(c) of the indenture agreement, under which B & O issued the debentures, precludes transfer of the instant case outside New York. However, the law is clear that such a forum selection clause does not bar the subsequent transfer of the action to another district. *See, e.g., Plum Tree, Inc. v. Stockment,* 488 F.2d 754, 757 (3d Cir.1973); *Credit Alliance Corp. v. Crook,* 567 F.Supp. 1462, 1464 (S.D.N.Y.1983) (existence of forum selection clause typically "does not prevent court from ordering a change of venue under § 1404(a)").[2] "In

---

1. Both parties argue that the court in which they wish to litigate the instant case has a lighter caseload then the court preferred by their adversary. "[R]elative calendar conditions ... while not controlling, are 'an important factor' on a motion to transfer." *Farbenfabriken Bayer AG v. National Distillers and Chemical Corp.,* 324 F.Supp. 156, 160 (S.D.N.Y.1971). *Accord Matra Et Manurhin v. International Armament Co.,* 628 F.Supp. 1532, 1536 (S.D.N.Y.1986); *Thomson & McKinnon v. Minyard,* 291 F.Supp. 573, 577 (S.D.N.Y.1968).

   However, the courts in this district and in the Western District of Pennsylvania carry roughly the same caseload. On average, the trial of a case in this district will have concluded within nineteen months after the case is filed. This process takes about eighteen months in the Western District of Pennsylvania. In short, this Court cannot say that, all else being equal, litigation of the instant case would proceed more rapidly in either district.

2. Parties may prevent suit outside a specific district through the use of an exclusive venue clause, which prohibits the maintenance of any action outside of that district. *See Bense v. Interstate Battery Systems Inc.,* 683 F.2d 718, 720 (2d Cir.1982). However, forum selection clauses will be read as limiting venue to a single district only where the language of the clause

the determination of a § 1404 motion, a forum selection clause is merely one of many factors to be considered by a court." *Full-Sight Contact Lens Corp. v. Soft Lenses, Inc.*, 466 F.Supp. 71, 74 (S.D.N.Y. 1978).

The Court already has considered this factor in determining that, everything else aside, New York would provide a slightly more convenient forum than Pittsburgh for the parties and witnesses. However, as discussed above, the Court has determined that the "interests of justice" would be sufficiently advanced by the litigation of this case before Judge Weber to outweigh any modest inconvenience resulting from the transfer of the case to Pittsburgh. The forum selection clause thus should not prevent such a transfer.

Plaintiff also opposes a transfer on the grounds that the Western District of Pennsylvania lacks venue to hear the instant case. Under the provisions governing federal securities fraud suits, venue is appropriate in any district where "an act or transaction constituting the violation occurred." 15 U.S.C. § 78aa.

> [I]n a multi-defendant securities case in which a common scheme of acts or transactions to violate the securities law is alleged, the occurrence in the district of 'any act or transaction' by any defendant in furtherance of the scheme is sufficient to establish venue as to any other defendant who knowingly participated in the scheme—even if such defendant did not perform any independent venue-establishing act or transaction in the district.

*First Federal Savings & Loan Association v. Oppenheim, Appel, Dixon & Co.*, 634 F.Supp. 1341, 1350 (S.D.N.Y.1986); *accord Wyndham Associates v. Bintliff*, 398 F.2d 614, 620 (2d Cir.), *cert. denied*, 393 U.S. 977, 89 S.Ct. 444, 21 L.Ed.2d 438 (1968).

In the instant case, plaintiff's complaint alleges that defendants committed securities fraud by failing to disclose the status of prior litigation, brought against all defendants except Chase. Since this prior litigation, as well as defendants' related courtroom and public relations strategies, was centered in Pittsburgh, the Pittsburgh court has venue over plaintiff's instant action. In addition, plaintiff alleges that defendants' policy of nondisclosure was practiced in proxy statements, which defendants regularly mailed to holders of debentures living in the Western District of Pennsylvania. The mailing of these allegedly incomplete and misleading statements, standing alone, is sufficient to establish venue in the Western District of Pennsylvania. *Zorn v. Anderson*, 263 F.Supp. 745, 748 (S.D.N.Y.1966). *See also Mariash v. Morrill*, 496 F.2d 1138, 1144–45 (2d Cir. 1974); *International Control Corp. v. Vesco*, 490 F.2d 1334, 1347 (2d Cir.), *cert. denied*, 417 U.S. 932, 94 S.Ct. 2644, 41 L.Ed.2d 236 (1974). In short, this Court finds plaintiff's lack of venue argument no more compelling than plaintiff's other arguments opposing the transfer of this action.

## CONCLUSION

Defendants' motion to transfer the instant action to the Hon. Gerald J. Weber of the Western District of Pennsylvania is granted.

SO ORDERED.

---

explicitly mandates such exclusive venue. *See, e.g., Heyco, Inc. v. Heyman*, 636 F.Supp. 1545, 1547–48 (S.D.N.Y.1986); *Credit Alliance Corp. v. Crook*, 567 F.Supp. 1462, 1465 (S.D.N.Y.1983).

In the instant case, the forum selection provision appearing in the indenture agreement authorizes litigation outside New York with the "voluntary written consent" of Chase. The Court thus does not interpret this provision as an exclusive venue clause, precluding a transfer of the instant case to a court outside New York, particularly since Chase, for whose benefit the clause appears to have been inserted, is a party seeking the transfer.