**KOLLMORGEN
CORPORATION, Plaintiff,**

v.

**GETTYS CORPORATION, Defendant.**

**Civ. A. No. 90–428–JJF.**

United States District Court,
D. Delaware.

March 25, 1991.

Robert H. Richards, III of Richards Layton & Finger, Wilmington, Del., Alfred P. Ewert, Andrew M. Riddles and Joseph Sofer of Morgan & Finnegan, New York City, for plaintiff.

George Pazuniak of Connolly Bove Lodge & Hutz, Wilmington, Del., Alfred A. Fressola, Robert H. Ware and K. Bradford Adolphson of Ware, Fressola, Van Der Sluys & Adolphson, Monroe, Conn., for defendant.

## MEMORANDUM OPINION

FARNAN, District Judge.

On August 8, 1990 Kollmorgen Corporation ("Kollmorgen") filed suit against Gettys Corporation ("Gettys") alleging patent infringement. Gettys filed an answer to the complaint and then moved to transfer the case to the United States District Court for Wisconsin pursuant to 28 U.S.C. § 1404(a). The parties have fully briefed the transfer motion and it is now ready for decision. For the reasons stated below, the motion to transfer will be denied.

### I. FACTUAL BACKGROUND

Kollmorgen is a corporation organized under the laws of New York with its principal place of business in Radford, Virginia. The subject patent relates to control systems for powering and controlling synchronous brushless motors.

Gettys is a division of AEG Corporation of New Jersey. In June, 1988 AEG acquired the Motion Control Division of Gould, Inc. based in Racine, Wisconsin and operated it as an unincorporated division until January 1, 1989 at which time the division was incorporated by AEG in Delaware under the name of Gettys. Thus, Gettys is a Delaware corporation with its principal place of business in Wisconsin.

In June, 1987 conversations commenced between Kollmorgen and Gould (Gettys' predecessor in interest) whereby Kollmorgen tried to interest Gould in obtaining a license of the patented control system and other technology owned by Kollmorgen. No agreement was reached prior to the sale of Gould's Motion Control Division to AEG. Kollmorgen then contacted AEG in November, 1989 regarding a possible licensing agreement. At this stage it is not entirely clear where negotiations broke down however, an agreement apparently was never reached. This patent infringement suit was then filed in the District Court of Delaware on August 8, 1990.

## II. DISCUSSION

Section 1404(a) provides:

For the convenience of the parties and the witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

The approach the Court must take is to first determine if the action "might have been brought" in the transferee district (i.e. Wisconsin). If the Court finds that Wisconsin would have been a proper forum then the Court must weigh the factors provided in § 1404(a) to determine if transfer is proper.

There is little doubt, based on the current record, that this action could have been brought in Wisconsin. The defendant, Gettys, has its principal place of business in Wisconsin, and the Court finds that Wisconsin would have been proper with respect to both personal jurisdiction and venue. Thus, the Court will move to a weighing of the factors present in § 1404(a).

As always, the weighing of factors needs to be done while keeping in mind plaintiff's right to chose the forum so long as jurisdiction over the controversy is proper. In 1970, the Court of Appeals for the Third Circuit observed:

It is black letter law that a plaintiff's choice of a proper forum is paramount consideration in any determination of a transfer request, and that choice "... should not be lightly disturbed." In accord with that sound doctrine, one district court recently correctly observed: "The decision to transfer is in the court's discretion, but a transfer is not to be liberally granted." The burden is on the

moving party to establish that a balancing of proper interests weigh in favor of the transfer, and "... unless the balance of convenience of the parties is *strongly* in favor of defendant, the plaintiff's choice of forum should prevail." (citations omitted).

*Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir.1970), *cert. denied*, 401 U.S. 910, 91 S.Ct. 871, 27 L.Ed.2d 808 (1971).

■ Courts in this circuit have consistently upheld the notion that the party moving for transfer bears the burden of proof. *Id.; Plum Tree, Inc. v. Stockment*, 488 F.2d 754, 756 (3d Cir.1973). However, recently this burden has been considered less onerous when the plaintiff brings suit in a court not considered the plaintiff's "home turf" and the forum has no connection with the underlying dispute. *Kirschner Bros. Oil, Inc. v. Pannill*, 697 F.Supp. 804, 806 (D.Del.1988). "Home turf" has been defined as "the forum closest to the [plaintiff's] home in which [the plaintiff] could effect personal service over the principal defendant." *Id.* (quoting, *Mayer v. Development Corp. of America*, 396 F.Supp. 917, 929 n. 26 (D.Del.1975)). Only if the "home turf" is selected by the plaintiff or if the chosen forum has significant connection with the acts giving rise to the lawsuit may the Court acknowledge the convenience to the plaintiff by giving deference to his choice of a forum. *Id.* (citations omitted).

■ Here, the plaintiff can be said to have selected its "home turf" since Delaware is the forum closest to plaintiff's home where personal service over the defendant could be effectuated. Moreover, Delaware is the defendant's home, as Gettys chose to incorporate in Delaware. The fact that Delaware is home to the defendant, particularly when it is also the plaintiff's "home turf", compels the Court to show deference to the plaintiff's choice of forum unless the balance of conveniences weighs strongly in favor of transfer.

### A. Convenience To The Parties

■ Delaware as home to the defendant and "home turf" to the plaintiff is clearly more convenient for the plaintiff. All of the plaintiff's arguments reflect the convenience of this case being tried in Delaware. The plaintiff is located in Virginia and clearly travel to Delaware is less burdensome than travel to Wisconsin.

The defendant on the other hand would prefer to transfer this case to its principal place of business, Wisconsin. However, to do so would place additional burdens on the plaintiff, and many courts have reasoned that transfer is inappropriate when to do so merely shifts the burden from the defendant to the plaintiff. *Derry Finance N.V. v. Christiana Companies, Inc.*, 555 F.Supp. 1043, 1046 (D.Del.1983). Under these circumstances, the Court concludes that the convenience of the parties does not strongly weigh in favor of transfer.

### B. Convenience To The Witnesses

The Court is mostly concerned with non-party witnesses. The proposed non-party witnesses are located in Pennsylvania, Virginia, Maine, Connecticut, Canada and possibly one in Wisconsin.

The primary non-party witness, according to both parties, is located in West Chester, Pennsylvania, approximately 25 miles from the District Court in Delaware. While, this witness filed an affidavit agreeing to travel to either place if called by either party it can hardly be argued that Wisconsin is as convenient or more convenient than Delaware for this witness. With the exception of this witness and the one non-party witness located in Wisconsin, Delaware is at least as convenient as Wisconsin to the remaining non-party witnesses.

Even if the Court gives deference to the employees of the defendant who will be witnesses in the trial, it is clear the defendant has not shown that the convenience to all the witnesses, especially the non-party witnesses, strongly favors transfer.

### C. Interests Of Justice

The factors to be considered when determining the interests of justice include: judicial economy, cost to the parties, access

to proof, and the subpoena power of the court.

The Court finds that judicial economy would be equally served in either of the available district courts. Although some additional costs may be attendant to the case remaining in Delaware rather than being transferred to Wisconsin, the increase in costs is not so significant as to outweigh the plaintiff's choice of forum.

The defendants argue that machinery needed to defend this action is uniquely located in Wisconsin and not able to be moved to the District Court of Delaware without great expense and effort. Certainly other methods of demonstration at trial are available to the defendant and this factor alone can not be determinative on where the case will be heard.

Finally, the subpoena power of the Court is always a consideration and the Court finds that Delaware is better positioned to mandate attendance over essential non-party witnesses.

### III. CONCLUSION

Given that Delaware is home to the defendant and the "home turf" of plaintiff, deference must be shown to the plaintiff's choice of forum. The defendant has failed to show how any of the three factors under § 1404(a) weigh *strongly* in favor of transfer, and therefore its motion to transfer must be denied.

An appropriate Order will be entered.