**RESORTS INTERNATIONAL, INC., Plaintiff,**

v.

**LIBERTY MUTUAL INSURANCE COMPANY, The Travelers Indemnity Company, and Insurance Company of North America, Defendants.**

**Civ. A. No. 91–4255(SSB).**

United States District Court, D. New Jersey.

Dec. 21, 1992.

Robert A. Baime, Steven M. Blicht, Ravin, Sarasohn, Cook, Baumgarten, Fisch & Baime, Roseland, NJ, Raymond T. Elligett, Jr., Schropp, Buell & Elligett, P.A., Tampa, FL, for plaintiff.

Paul A. Leodori, Paul R. Koepff, Aaron F. Fishbein, Mudge Rose Guthrie Alexander & Ferdon, Parsippany, NJ, for defendant Insurance Co. of North America.

## OPINION

BROTMAN, District Judge.

Presently before the court is the motion of defendant Insurance Company of North America ("INA") to transfer the present action to the United States District Court for the Middle District of Florida, pursuant to 28 U.S.C. § 1404(a). Upon consideration of the parties' submissions, and for the reasons set forth below, the court denies INA's motion.

### I. Facts and Procedure

In this environmental insurance case, plaintiff Resorts International, Inc. ("Resorts"), seeks indemnification from each of the defendant insurance companies under comprehensive liability insurance policies for monies and expenses paid pursuant to the settlement of an underlying claim against Resorts.

Plaintiff Resorts is a corporation incorporated in Delaware with its principal office located in New Jersey. From approximately 1958 to 1979, Resorts, or its corporate predecessors, owned and operated a paint manufacturing facility in Tampa, Florida. In 1980, the facility was sold to Insilco Corporation ("Insilco"), which then owned

and operated the facility until December 31, 1986. During all or some of the period 1958–1986, hazardous substances were disposed on the site. In 1988, after Insilco signed an administrative consent order with the Florida Department of Environmental Regulation to remove environmental toxins from the groundwater and soils and the facility site, Insilco brought suit seeking damages for environmental contamination from Resorts, which by this time had filed for bankruptcy. In September 1990, Resort and Insilco settled the action for $2 million. In addition to this sum, Resorts incurred costs in attorneys' fees, expert witness fees, and other expenses in defending itself in the course of its litigation with Insilco.

Defendant Liberty Mutual Insurance Company ("Liberty Mutual") is an insurer incorporated in Massachusetts with its principal place of business in Massachusetts. Defendants Travelers Indemnity Company ("Travelers") is an insurer incorporated in Connecticut with its principal place of business in Connecticut. Defendant INA is an insurer incorporated in Pennsylvania with its principal place of business in Pennsylvania. All three defendants refuse to indemnify Resorts for the sums paid in the course of the Insilco litigation, despite Resorts demands.

### II. Discussion

INA moves this court to transfer the present action to the Middle District of Florida.[1] Section 1404(a) provides:

For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a). A section 1404(a) transfer analysis requires two steps. First, the court must determine whether the transferee district is one in which the action might have originally been brought. *Hoffman v. Blaski*, 363 U.S. 335, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960). Thus, the transferee court must have subject matter

---

1. Neither Travelers nor Liberty Mutual takes a position on the merits of INA's transfer motion.

jurisdiction, personal jurisdiction, and venue over the action. *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 24 (3d Cir.1970), *cert. denied*, 401 U.S. 910, 91 S.Ct. 871, 27 L.Ed.2d 808 (1971). Second, the court must use its sound discretion to determine whether the transfer is for the convenience of parties and witnesses and in the interest of justice. *Plum Tree, Inc. v. Stockment*, 488 F.2d 754 (3d Cir.1973).

The initial question in a transfer analysis is whether the action might have been brought in the transferee forum. Therefore, this court must first determine whether venue and jurisdiction are proper in the Middle District of Florida. The burden of proof rests with INA, the moving party. *Plum Tree*, 488 F.2d at 756. INA addresses this question in a lone footnote in its reply brief.[2] The court is not fully satisfied that INA's assertions satisfy its burden of proof. However, for the purposes of this motion, the court will assume that venue and jurisdiction properly lies in the Middle District of Florida and will undertake the second step required by section 1404(a).

The Supreme Court, in *Gulf Oil v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1946), articulated an analytic framework for balancing the various interests and concerns at stake in a transfer request.[3] Under *Gulf Oil*, a court should consider two broad categories of factors. First, the court should balance the various private interests of the parties to the litigation. These factors include the plaintiff's choice of forum, ease of access to sources of proof, availability of compulsory process over unwilling witnesses, the cost of attendance of willing witnesses, and the possibility of a jury view of the premises. *Id.* at 508, 67 S.Ct. at 843. Second, a transfer analysis must take into account the public interest in the administration and adjudication of justice. These factors include court congestion, local interest in having cases tried at home, and familiarity of the forum court with the applicable law. *Id.* at 508–09, 67 S.Ct. at 843.

Under Third Circuit precedent, it is well established that a plaintiff's choice of forum is a "paramount consideration" and should not be lightly disturbed. *Shutte*, 431 F.2d at 25. "To overcome the presumption in favor of [plaintiff's] choice of forum, the defendant[ ] must show, under the test enunciated in *Gulf Oil*, [that] the balance of conveniences weighs "strongly in favor" of transfer to a more convenient forum." *Sandvik*, 724 F.Supp. 303, 307 (D.N.J.1989). While the exact standard of proof remains an undecided point in the Third Circuit, *id.* at 308 n. 9, it is clear that "something more than a mere preponderance of the evidence" is required. *See Kisko v. Penn Central Transportation Co.*, 408 F.Supp. 984, 986 (M.D.Pa. 1976).[4]

Analysis begins with the convenience of the parties. The record indicates that none of the parties has Florida as its principal place of business. Resorts is located primarily in New Jersey, INA in Pennsylvania, Travelers in Connecticut, and Liberty Mutual in Massachusetts. Indeed, it seems clear that, between Florida and New Jersey, New Jersey is geographically the more convenient forum for the parties to the litigation.[5] The court notes

---

2. There can be no question that venue is appropriate in the Middle District of Florida. Each defendant provided Resorts with policies covering Resorts' facility in the Middle District of Florida, the site is in the Middle District of Florida, and the activities for which Resorts is liable took place in the Middle District of Florida.
INA's Reply Brief at 5 n. 3.

3. Although *Gulf Oil* involved the doctrine of *forum non conveniens,* courts regularly utilize the opinion in determining section 1404(a) transfer motions. *See, e.g., Sandvik, Inc. v. Continental Ins. Co.*, 724 F.Supp. 303, 307 n. 8 (D.N.J.1989).

4. The court is aware that other jurisdictions may apply a preponderance of the evidence standard. *E.g. Roberts Metals v. Florida Properties Marketing*, 138 F.R.D. 89, 92–93 (N.D.Ohio 1991). However, in the face of clear Third Circuit authority, this court will continue to apply a heightened standard of proof.

5. The court notes that the fact that the defendants are not located in or, even, near the proposed transferee forum distinguishes the present facts from the cases of *Sandvik*, 724 F.Supp. at 304 (transferee forum in Pennsylvania; movant defendant a Pennsylvania forum with principal place of business in New York), and *Fim-*

that this also means that access to proof in control of the parties is easier from the New Jersey forum. INA asserts, however, that "thousands of pages of documents are still in Florida." INA's Brief at 2. Resorts counters that it already, in the course of the underlying Insilco litigation, obtained copies of the pertinent documents and has sent 26 boxes filled with these papers to INA and the other two defendants. Resorts' Brief at 8. INA acknowledges the 26 boxes, but responds that "the documents in the possession of most non-party witnesses, such as the environmental consultants, the United States Environmental Protection Agency, and Insilco, remain in Florida." INA Reply Brief at 11. In light of these circumstances, the court finds that the factor of ease of access to documentary proof falls only slightly in favor of a New Jersey forum.

Also sharply contested is the convenience of witnesses. INA submits a list of 24 *non-party* "Florida witnesses." Twenty three of these witnesses will testify as to the circumstances and extent of the alleged contamination; this will be the only subject for 17 of these 23 witnesses. Seven witnesses will testify on plant operations, with this being the only subject for one of these seven. Five witnesses will testify as to Resorts' knowledge of the alleged contamination. INA's Reply Brief, exh. A. Resort, for its part, submits a list of *party* witnesses it intends to depose, including five individuals from INA, four from Travelers, and nine from Liberty Mutual. Elligett Aff. ¶ 8. Resorts also indicates that its former insurance brokers, who are likely *non-party* witnesses in the case, are located in New York city. *Id.* ¶ 7. It is true that the convenience of the witnesses goes primarily to *non-party* witnesses. *Kollmorgen Corp. v. Gettys Corp.*, 760 F.Supp. 65, 67 (D.Del.1991). However, it is also true that this litigation will require testimony both on the site's contamination and on the contract negotiation process. *See Fimbel Door Corp. v. United States*

*Fidelity and Guaranty Co.*, Civ. No. 90–1187, 1990 WL 191920 * 5 (D.N.J. Nov. 5, 1990). Thus, it is likely that testimony will be heard both from the Florida witnesses and the New York city insurance brokers. In light of the dictum that even "[o]ne key witness may outweigh a great number of less important witnesses," *Reyno v. Piper Aircraft Co.*, 630 F.2d 149, 160 (3d Cir. 1980), *rev'd on other grounds*, 454 U.S. 235, 102 S.Ct. 252, 70 L.Ed.2d 419 (1982), this court will not decide the convenience issue solely by counting the number of witnesses proposed by each side. Accordingly, the court finds that the convenience of witnesses falls slightly in favor of the Florida forum. Moreover, given that Resorts' proposed non-party witnesses, located in New York City, are within reach of the District of New Jersey subpoena powers pursuant to Federal Rule of Civil Procedure 45, the court finds the factor of compulsory process over non-party witnesses also falls slightly in favor of the Florida forum.

The final private interest concerns a jury view of the site. "A jury view ... has long been considered an unusual event ... and a section 1404 movant must show with some particularity that the facts of the case warrant moving the jury from its box to the scene, and back again." *Armotek Industries, Inc. v. Employers Insurance of Wausau*, Civ. No. 88–2110, 1989 WL 21771 * 4 (D.N.J. March 7, 1989); *see also Sandvik*, 724 F.Supp. at 310. The court finds that INA has not demonstrated that a jury view is necessary in the present litigation.

The court now considers the public interests at stake in this transfer motion. First, the record contains no information about, and the court is unaware of, any significant differences in the congestion of the respective district courts.

The second public interest is for the dispute to be resolved in the "home" forum. Courts have wrestled with the problem of how best to characterize an environmental

bel Door Corp. v. United States Fidelity and Guaranty Co., Civ. No. 90–1187, 1990 WL 191920 (D.N.J. Nov. 5, 1990) (transferee forum in New Hampshire; movant defendants from

Connecticut and Maryland). The movant defendants in these two cases were located significantly closer to the proposed transferee forum than INA is to Florida.

insurance litigation for the purpose of deciding which locale is the home forum. *See, e.g., Fimbel Door*, 1990 WL 191920, at ** 6–7. On the one hand, New Jersey has an interest in adjudicating a dispute over coverage for a corporation located within its borders. On the other hand, Florida has an interest in ensuring the clean-up of a contaminated site. An analysis of the record shows that Florida's interest vis-a-vis the current litigation is slight. The present litigation involves insurance coverage for Resort's obligation to Insilco under their settlement agreement. Florida has no direct claim against Resorts to clean up the site. Rather, Insilco is the entity obligated to remove the contaminants from the ground water and soil. There is no underlying dispute as to whether Resorts has an obligation to clean-up the Tampa site.

This situation distinguishes the present case from both *Fimbel Door* and *Sandvik,* in which the plaintiff insureds were seeking insurance coverage for *current and potential* clean-up obligations being imposed by the state in which the site was located. INA argues that this is a distinction without legal significance because the same ultimate issue—whether costs of cleaning up pollution should be paid by the polluter or whether the polluter can transfer that liability to its insurers—facing the courts in *Fimbel Door* and *Sandvik* is before the court here. INA's Reply Brief at 4–5. The court's present task is to evaluate the strength of Florida's interest in the litigation in order to determine the location of the home forum. A state clearly maintains a strong interest in the outcome of an environmental insurance litigation so long as responsibility for clean-up costs remains undecided and insurance coverage may play a role in the ability of a potentially responsible party to undertake a clean up. *See Sandvik*, 724 F.Supp. at 310 (state's interest in insurance litigation over allocation of clean-up costs relates to its interest in "ensuring [that] contamination at the site will be removed"). As a corollary to this proposition, it also seems clear that the state's interest in the outcome of an environmental insurance litigation decreases significantly when full responsibility for the clean-up has been determined. In this situation, there is no longer a risk that the allocation of costs between insurer and insured will affect the clean-up. The court, therefore, finds that for the purposes of the present transfer motion, New Jersey, with its interest in determining "whether the construction and interpretation of contracts between a state citizen and another business entity require the payment of money by the latter to the former," *Armotek,* 1989 WL 21771, at * 4, maintains a stronger interest in the litigation than Florida.

Finally, there is the important issue of the forum court's familiarity with the applicable law. Unfortunately, the parties have not addressed this question in their briefs or submissions. Without a proper factual basis, this court will not attempt, even for the limited purposes of deciding a transfer motion, to predict the governing law. This factor is, therefore, neutral as between New Jersey and Florida.

The court, having weighed all the facts and circumstance and exercising its sound discretion, holds that INA's motion for a transfer should be denied. Some of the *Gulf Oil* factors are neutral as between New Jersey and Florida. Others weigh slightly in favor of the New Jersey forum. Still others weigh slightly in favor of the Florida forum. It is clear that Florida would not be an *in*convenient forum for this litigation. However, the court is ultimately persuaded by the burden of proof that rests with the moving party. In light of the above analysis of the *Gulf Oil* factors, the court finds that INA has not demonstrated that the balance of conveniences weighs so strongly in favor of transfer as to defeat the "paramount consideration" of plaintiff's choice of forum. INA's transfer motion is, therefore, denied.

## III. Conclusion

For the foregoing reasons, the court denies INA's motions, pursuant to 28 U.S.C. § 1404(a), to transfer the present action

from the District of New Jersey to the Middle District of Florida.