Keith and Kimberly HALL, husband
and wife, Plaintiffs,

v.

NATIONAL SERVICE INDUSTRIES,
INC. et al., Defendants.

Civil Action No. 96–8717.

United States District Court,
E.D. Pennsylvania.

April 28, 1997.

Peter P. Adubato, Philadelphia, PA, Mark Sereni, Sereni, Pierce and Hughes, Broomall, PA, for Keith Hall.

Mark Sereni, Sereni, Pierce and Hughes, Broomall, PA, for Kimberly Hall.

Joseph H. Riches, Philadelphia, PA, for National Service Industries, Inc.

## MEMORANDUM

LOWELL A. REED, Jr., District Judge.

Plaintiffs Keith and Kimberly Hall ("plaintiffs"), husband and wife, brought this action against defendants National Service Industries, Inc. ("National") and Gary Lee Chapmon ("Chapmon") in order to recover for damages they allegedly suffered as the result of a motor vehicle accident in Florida on or about December 20, 1994. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, as the parties are of diverse citizenship, and the amount in controversy is in excess of $50,000.00.[1]

Pending before this Court is the motion of defendant National to dismiss pursuant to Federal Rule of Civil Procedure 19 ("Rule 19")[2] or on the grounds of forum non conveniens, or, in the alternative, to transfer venue to the Middle District of Florida pursuant to 28 U.S.C. § 1404 (Document No. 11), and response of plaintiffs Keith and Kimberly Hall thereto. For the following reasons, I will deny the motion of National.

1. Plaintiffs filed their complaint on December 13, 1996 in the Court of Common Pleas of Philadelphia County, Pennsylvania. On December 31, 1996 defendant National petitioned to remove the case to the Eastern District of Pennsylvania. I note that this lawsuit was commenced before the jurisdictional amount in controversy requirement under 28 U.S.C. § 1331 increased to $75,000.00. See Federal Courts Improvement Act of 1996, Pub.L.No. 104–317, 110 Stat. 3847 (enacted October 19, 1996, and effective January 17, 1997).

2. Federal Rule of Civil Procedure 12(b)(7) provides for the dismissal of a complaint for failure

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs Keith and Kimberly Hall, Pennsylvania residents, were vacationing in Orlando, Florida in late December 1994. While driving their rental car one morning from their hotel to a nearby health club, they were involved in a motor vehicle accident with defendant Chapmon. Plaintiffs allege that they were lawfully stopped at a red traffic light when a truck, driven by defendant Chapmon, struck their vehicle in the rear. Plaintiffs further allege that defendant Chapmon was employed by defendant National and that Chapmon was acting within the scope of his employment at the time of the accident. Plaintiffs seek damages for physical, emotional, and psychological injuries, and for loss of consortium they allegedly suffered as a result of this accident.

Plaintiffs originally filed their complaint on December 13, 1996 in the Court of Common Pleas of Philadelphia County, Pennsylvania. On December 31, 1996, defendant National petitioned for removal to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1332(a) and 1441(b) (Document No. 1). In its petition for removal, counsel for National stated that Chapman had not been served with a complaint and/or writ of summons, and that if and when Chapmon is served, the same counsel will represent him as well.

## II. DISCUSSION

A. *Rule 19*

Rule 19 governs joinder of necessary and indispensable parties.[3] Preliminarily, I must

to join a party under Rule 19. Fed.R.Civ.P. 12(b)(7).

3. Rule 19 provides, in pertinent part:

(a) A person ... whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties. or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter, repair or impede the person's

address the fact that plaintiffs did name, and hence technically joined, Chapmon in their complaint. However, this technical joinder does not necessarily circumvent the analysis required under Rule 19. National maintains that Chapmon was never properly served with the complaint. If and when he is properly served, according to National, Chapmon will not be subject to this Court's personal jurisdiction, and therefore he should be dismissed from the lawsuit.

The parties do not dispute that Chapmon is a resident of Florida. Therefore, for purposes of resolution of the current motion, I will assume that Chapmon is not subject to this Court's general personal jurisdiction. *See* Pa. Const. Stat. Ann. § 5301(a)(1) (requiring that in order to be subject to general personal jurisdiction, an individual must consent to such jurisdiction, or be present or domiciled in the state when process is served). The parties do not address specific personal jurisdiction. For purposes of analysis, I will also assume that Chapmon has not generated sufficient minimum contacts in Pennsylvania to render him subject to this Court's jurisdiction on that basis. *See Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475–76, 105 S.Ct. 2174, 2183–84, 85 L.Ed.2d 528 (1985); *Grand Entertainment Group, Ltd. v. Star Media Sales, Inc.,* 988 F.2d 476, 482 (3d Cir.1993). I emphasize that my assumptions that Chapmon is not subject to this Court's personal jurisdiction is not a final finding, but merely a tool to proceed with the Rule 19 analysis, and therefore the parties may further present this issue at a procedurally appropriate time.

Assuming that Chapmon will be dropped from the lawsuit upon a proper motion, the issue presented is whether Chapmon is a necessary and indispensable party under Rule 19. If yes, then the lawsuit may not proceed in the Eastern District of Pennsylvania. If no, the lawsuit may proceed in the Eastern District of Pennsylvania without him. National argues that Chapmon is a necessary and indispensable party under Rule 19, and because he cannot be joined due to lack of personal jurisdiction. the complaint must be dismissed as to both defendants.

 Rule 19(a) provides guidance for determining whether a party is necessary and should therefore be joined in the action. *Bank of Am. Nat'l Trust and Sav. Ass'n v. Hotel Rittenhouse Assocs.,* 844 F.2d 1050, 1053 (3d Cir.1988). If the party is necessary, then the court must join the party if feasible. *Id.* at 1053–54. However, if the party is not necessary, then the inquiry need go no further. *Id.* at 1054. Rule 19(b) governs the situation where a party is necessary and must be joined, but joinder can not be effectuated, such as when subject matter jurisdiction would be destroyed. *Id.* Where joinder of a Rule 19(a) necessary party is not feasible, the court must decide whether the party is indispensable, and hence the action cannot proceed without that party. *Id.*

 "[T]he employee is not a necessary party to a suit against his employer under *respondeat superior.*" *Rieser v. District of Columbia,* 563 F.2d 462, 469 n. 39 (D.C.Cir. 1977). It is well established that Rule 19 does not require the joinder of principal and agent. *See Nottingham v. General Am. Communications Corp.,* 811 F.2d 873, 880 (5th Cir.), *cert. denied,* 484 U.S. 854, 108 S.Ct. 158, 98 L.Ed.2d 113 (1987); *Murphy v. Newport Waterfront Landing, Inc.,* 806 F.Supp. 322, 325 (D.R.I.1992); *Bausch v. Philatelic Leasing, Ltd.,* 728 F.Supp. 1201, 1209 (D.Md.1989); *Fuller et al. v. Prudential Ins. Co. of Am.,* Civ. No. 89–2016, 1989 WL

ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest

(b) If a person ... cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

Fed.R.Civ.P. 19(a)-(b).

127499, at *2 (E.D.Pa. Oct.24, 1989); *Nash v. Hall,* 436 F.Supp. 633, 635 (W.D.Okla.1977); *see also Cass v. Sonnenblick–Goldman Corp.,* 287 F.Supp. 815, 818 (E.D.Pa.1968).

■ In light of the foregoing precedent, I conclude that Chapmon is not a necessary party pursuant to Rule 19(a). First, plaintiffs are still able to receive complete relief as they are suing defendant National under the theory of *respondeat superior* for Chapmon's alleged negligence and directly for its alleged negligence in permitting Chapmon to operate the vehicle knowing or having reason to know that Chapmon was incapable of safely operating vehicle.[4] thus rendering Rule 19(a)(1) irrelevant. Second, Chapmon claims no interest in the present case, thus rendering Rule 19(a)(2) irrelevant. Because Chapmon is not a necessary party, he is not indispensable by definition, and thus the inquiry into whether Chapmon is an indispensable party need go no further.[5]

B. *Motions for Forum Non Conveniens and Transfer*

■ Motions to transfer are determined by consideration of the same factors relevant to a determination of a forum non conveniens motion. *See National Mortgage Network, Inc. v. Home Equity Ctrs., Inc.,* 683 F.Supp. 116, 119 (E.D.Pa.1988) (citing *Norwood v. Kirkpatrick,* 349 U.S. 29, 75 S.Ct. 544, 99 L.Ed. 789 (1955)). These factors can be categorized as "private" and "public."[6]

Moreover, the district court has wide discretion to weigh all of the factors. *Plum Tree, Inc. v. Stockment,* 488 F.2d 754, 756 (3d Cir.1973). In the instant case, the parties do not dispute that the lawsuit could originally have been brought in either Pennsylvania or Florida. Defendants argue that this Court should dismiss the complaint on the basis of forum non conveniens or in the alternative, transfer the case to the Middle District of Florida because transfer would serve the convenience of the defendants, witnesses, any potential need to visit the scene of the accident, and application of Florida law by a Florida jury.

■ I will now consider each factor, enumerated *infra* in footnote six, seriatim. As for the first factor, I note that plaintiffs chose to bring their suit in Pennsylvania. "Plaintiff's choice of forum is the paramount consideration in any determination of a transfer request, and that choice should not be disturbed without careful examination." *United States v. Bates East Corp.,* Civ. No. 94–3626, 1996 WL 417172, at *2 (E.D.Pa. July 18, 1996) (Reed, J.) (citing *Shutte v. Armco Steel Corp.,* 431 F.2d 22, 25 (3d Cir.), *cert. denied,* 401 U.S. 910, 91 S.Ct. 871, 27 L.Ed.2d 808 (1971)). Plaintiffs' presence at the trial is important as they will be substantially involved in proving their claim against National, whereas Chopman's actual presence is less important. *See infra* Part II.A

---

4. The relevant portion of the complaint is as follows:

Defendant [ ] Chapmon did operate and control the International Truck motor vehicle as the agent, servant. worker and/or employee of [National], acting to further the interests of [National] and acting in the course and within the scope of his agency with or employment by [National].

....

[T]he negligence of [National] consisted of the carelessness of [Chapmon] and/or in permitting [Chapmon] to operate the International Truck motor vehicle knowing or having reason to know that he was incapable of safely operating this motor vehicle upon the highway.

Complaint ¶¶ 10. 13. in addition. the prayer for relief set forth in the complaint of plaintiffs demands damages "against each Defendant, jointly and severally. ...." Complaint ¶¶ 20, 23, 29, and 32.

5. *See Hotel Rittenhouse Assocs.,* 844 F.2d at 1054 (citing *Abel v. American Art Analog, Inc.,* 838 F.2d 691, 696 (3d Cir.1988)).

6. These factors are: (1) forum selected by plaintiff; (2) relative ease of access to sources of proof, (3) availability of compulsory process for attendance of unwilling witnesses; (4) cost of attendance at trial by willing witnesses; (5) possibility of viewing premises. if necessary; (6) all other practical problems that make trial of a case easy, expeditious, and inexpensive; and (7) public interest factors, including the relative congestion of court dockets, choice of law considerations, and the relation of the community in which the courts and jurors are required to serve to the occurrences that give rise to the litigation. *United States v. Bates East Corp.,* Civ. No. 94–3626, 1996 WL 417172, at *2 (E.D.Pa. July 18, 1996) (citing *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947)).

(finding that Chopman is not a necessary and indispensable party). Due to the great weight afforded to a plaintiff's choice of forum, I find that plaintiffs' choice of forum prevails over the choice of forum of National.

▮ Second, I find that access to sources of proof, specifically with respect to treating physicians and relevant medical records, are more readily available in Pennsylvania. The moving party has the burden to identify which witnesses and documents will benefit from the transfer. *See Bates*, 1996 WL 417172, at *3. National has failed to meet its burden. National does not identify references or descriptions of any documents to be used at trial. Therefore, this factor does not weigh in favor of dismissal or transfer.

Third, other than Chapmon who lives in Florida, defendants fail to identify any potential witness that lives closer to Florida than Pennsylvania. In their memorandum, defendants make a conclusory reference that they intend to call witnesses who reside in Florida. However, National fails to identify which witnesses they intend to call and the materiality of their testimony. Without identification and supporting affidavits, I am not convinced that litigation in the Middle District of Florida would provide greater convenience to all potential witnesses, especially in the face of the litany of witnesses that plaintiffs identify in their memorandum, all of whom work and/or reside in Pennsylvania.

As for the fourth factor regarding costs of obtaining witnesses, National again makes a conclusory statement that transporting Florida witnesses to Pennsylvania would be a prohibitive expense. Absent supporting affidavits and submissions of names and addresses of witnesses that defendant plans to and submissions indicating costs of transportation and any hardships these witnesses would suffer as a result of travelling to Pennsylvania, I am not persuaded that this factor weighs in favor of dismissal or transfer.

Fifth, National presents no affidavits or factual basis in support of its contention that it may become necessary for the jury to visit the scene of the accident, which occurred in Florida. *See Resorts Int'l, Inc. v. Liberty Mut. Ins. Co.*, 813 F.Supp. 289, 292 (D.N.J. 1992) (" 'A jury view ... has long been con-

sidered an unusual event ... and a section 1404 movant must show with some particularity that the facts of the case warrant moving the jury from its box to the scene, and back again.' " (quoting *Armotek Indus., Inc. v. Employers Ins. of Wausau*, Civ. No. 88–3110, 1989 WL 21771, at *4 (D.N.J. Mar.7, 1989))). Moreover, the parties will be able to present evidence at trial in the form of verbal descriptions, charts, and photographs depicting the accident scene, thus rendering the necessity of the jury visiting the scene of the accident remote. Therefore, I am not convinced that this factor weighs in favor of dismissal or transfer.

National makes no argument regarding the sixth factor.

Regarding the public interest factors, National argues that the docket of the Eastern District of Pennsylvania is more congested than that of the Middle District of Florida. Again, National fails to provide any evidence or statistics in support of its contention. Therefore, I find that this factor weighs against defendants. National next asserts that because Florida law applies and because it is markedly different from Pennsylvania law on the legal issues at bar, the action should be brought in Florida. Again, National fails to provide a factual basis for this general assertion. Although it is logical to presume that a United States district court in Florida is more familiar with Florida law than a United States district court in Pennsylvania, the advent of legal databases, which provide up-to-date case law, diminish the concern of National.

National also asserts that it would be unfair to subject Pennsylvanian jurors to continuous references to Florida during the trial. I disagree. Plaintiffs reside in Pennsylvania and have received their follow-up medical care in Pennsylvania from Pennsylvanian physicians. I find that Pennsylvania has an interest in enabling residents of Pennsylvania to seek relief in a Pennsylvania court. Similarly, I find that a Pennsylvania jury bears some relation to the litigation in which Pennsylvanian residents are involved in a motor vehicle accident while vacationing in Florida. I acknowledge that Florida is the

situs of the event giving rise to the litigation, and that Florida, too, has an interest in protecting its residents (e.g., Chapmon) and businesses (e.g., National). Because both forums have an interest, this factor is at best neutral and does not weigh in favor of either plaintiffs or defendant.

## III. CONCLUSION

For the foregoing reasons, I conclude that Chapmon is not a necessary and indispensable party under Rule 19. Additionally, upon review of and balancing of the appropriate factors discussed above, I conclude that dismissal on the grounds of forum non conveniens or transfer of this case to the Middle District of Florida is not appropriate. Therefore, I will deny the motion of National.

An appropriate Order follows.

### ORDER

**AND NOW**, on this 25th day of April, 1997, upon consideration of the motion of defendant National Service Industries, Inc. ("National") to dismiss pursuant to Federal Rule of Civil Procedure 19 ("Rule 19") or on the grounds of forum non conveniens, or, in the alternative, to transfer venue to the Middle District of Florida pursuant to 28 U.S.C. § 1404 (Document No. 11), and response of plaintiffs Keith and Kimberly Hall thereto, it is hereby **ORDERED** that the motion of defendants National Service Industries, Inc. is **DENIED.**

**IT IS FURTHER ORDERED** that counsel for National shall file, if appropriate, a motion to dismiss Gary Lee Chapmon by May 25, 1997.[1]

---

1. In the memorandum of Natinal, counsel for National state that they "will represent Mr. Chapmon, once it has been established that Mr. Chapmon has been served, as required by the Federal Rules of Civil Procedure." Def. Mem. at 2.